Spear, J.
Upon the making in the court of common pleas of the motion by each party for judgment on the pleadings this kind of a case was presented to that court: By the written lease, admitted by defendant to have been duly executed as pleaded, the defendant was liable for the rent claimed to be due unless the new matter pleaded in the answer and not controverted by the reply, established a valid defense. That new matter consisted of five specific allegations, viz.: 1. The recovery of the judgment of May 4, 1906, before the justice of the peace for rent on the lease; 2. That the amount of the rent asked for in the petition could have been demanded in that suit; 3. That six months prior to April 1, 1906, plaintiff violated his contract by not furnishing sufficient power as agreed in the lease, and that the plaintiff agreed to remedy the defect but failed to do so; 4. That in March, 1906, plaintiff ordered defendant to vacate the premises; 5. That defendant left the premises April 1, 1906, and has not since been in possession. The second, third and fourth allegations are distinctly denied by the reply. As' to the second it may be further remarked that it much resembles a conclusion of law, but if treated otherwise the record aids the contention of plaintiff, for it seems unreasonable to conclude that the' mere fact that rent accruing prior to the commencement of the suit before the justice was the subject of action in that case could make ineffective a suit brought afterward for rent subsequently becoming *126 due. If this be so then rent subsequently becoming due could not have been demanded in that suit. There is nothing in the record showing conclusively the exact date of the commencement of the suit before the justice. It is not, however, to be presumed, in aid of a technical defense,' that it was commenced on or after the first day of May. The fact that it was tried on the fourth of May raises no presumption that it was not commenced in April, and if any inference is to be indulged it would be that the party would have naturally demanded all that appeared then to be due. The effect in law of this situation is easily determined by recurrence to the lease itself. That instrument does not purport to be a lease from month to month, but is “for the term of two years commencing on the first day of November, 1904,” and the rent is to be $960 per year. But the rent is to be paid “in instalments of $80 each, payable on the first day of each month in advance,” the lessee being thus obligated to pay rent for two years but in monthly instalments. It would follow necessarily from this that suit might be prosecuted at once for any one month’s rent if default were made in payment, and that, too, without in the absence of any new factor, involving any question of rent subsequently becoming due under the lease. It would seem that this proposition is so plain as to require no argument in its support. So that defendant’s affirmative defense rested finally upon the remaining- allegations, viz.: that the defendant left the premises April 1, 1906, and was not afterward in possession. As to this averment of the vacation of the premises by the defendant it is enough to' say that, as appears by the pleadings, *127 they were abandoned by the defendant without fault of the plaintiff, and it cannot be the law that a lessee, obligated by a written lease to pay rent for two years, can escape liability by simply abandoning the premises rented. The reply makes the further point that all matters and things in connection with the failure of plaintiff to live up to the terms of the lease were in issue in the suit commenced before the justice, and have thus been adjudicated. If they were not, clearly they might have been, inasmuch as that ground of defense existed, if it ever did exist, at the time of the commencement of the suit before the justice. This being the case presented to the trial judge it is difficult to see that he could have properly done other than what he did do. The case turned wholly on the pleadings and we think they were clearly sufficient to justify a verdict and judgment.
As it appears to us the rules of law applicable to the case are simple. And the real issue would seem to be entirely covered by the case of Grant v. Ramsey, 7 Ohio St., 158. That action was for rent due upon a lease made in parol but for less than three years. The rent was to be six dollars per month payable monthly. A previous suit for rent coming due earlier had been tried and determined in -favor of the plaintiff. The tenant had vacated the premises upon the ground that his term had expired, but urged as- an additional ground that the landlord had refused to fulfill his contract to put the lease in writing. The syllabus of the case follows: “(1) Where a question of fact has once been tried and adjudicated by a court of competent jurisdiction, it cannot be re-opened in a subsequent suit between the same parties. They *128 are concluded by the former judgment. (2) A parol lease of lands for more than one year, but less than three, will, by the taking possession under it, and the payment of rent according to its terms, be withdrawn wholly from the operation of the statute of frauds. (3) In such a case the tenant cannot, by a voluntary abandonment of the premises during the term, terminate his further liability to pay rent, although the landlord may have neglected to execute a written lease according to the agreement of the parties, unless the abandonment appears to have been on account of such neglect.”
We have not overlooked the clause in the lease to the effect that if the rent shall be in arrears and unpaid the lessor may avoid the lease and enter into possession and sue for and recover all rent due at the time of such entry. But the clause is ineffective to aid the defendant there being no averment in the answer as to such re-entry, and .the record not otherwise showing when it took place. We are therefore not called upon to give construction to this clause.
Nor have we overlooked the fact that the bill of exceptions shows that the defendant offered to introduce evidence. The offer came too late, the cause having already been submitted to- the court, and the court having rendered its judgment on the motions. To allow or refuse the application was within the discretion of the court, and no statement having been made to the .court of what the defendant expected to prove, it cannot be claimed that there was an abuse of discretion. Bank v. Hayes, 64 Ohio St., 100; Thompson v. Simpson, 128 N. Y., 270.
*129 We are of opinion that there is no error in the record of the common pleas. The judgment of the circuit court will be reversed and the judgment of the common pleas affirmed.

Reversed.

Summers, C. J., Crew, Davis, Shaucic and 'Price, JJ., concur.